UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS MARTIN                                   CIVIL ACTION

VERSUS                                            NO. 14-0033

PROGRESSIVE WEST INSURANCE                        SECTION "C" (2)
COMPANY AND JANICE NICHOLS

ORDER

The above-captioned matter relates to a rear-end automobile collision allegedly suffered by plaintiff at the hands of defendant Nichols. Rec. Doc. 1-2. Plaintiff filed suit in Orleans Parish Civil District Court on November 18, 2013, claiming that the case "involve[d] damages which exceed the minimum requirements for trial by jury in a federal court sitting in diversity jurisdiction." *Id.*, ¶ VIII. Defendants filed a notice of removal on January 6, 2014. Rec. Doc. 1. The Court thereupon ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 6.

Before the Court is defendants' memorandum, plaintiff having submitted no memorandum before the deadline. Rec. Doc. 9. Having determined that defendant fails to show that the amount in controversy exceeded the jurisdictional minimum at the time of removal, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

A removing party bears the burden of establishing federal jurisdiction. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). The parties may neither consent to federal

1

subject matter jurisdiction nor waive it by failing to assert its absence. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  Removal may not be based on conclusory allegations that subject matter jurisdiction existed at the time of removal.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)  (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Rather, when the plaintiff does not plead a specific amount in controversy, the removing party must show by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.*

Defendants have done neither. They merely rest on plaintiff's original, conclusory allegation that the damages involved in this case "exceed the requirements for trial by jury in a federal court sitting in diversity jurisdiction." Rec. Doc. 9. This is wholly insufficient for removal purposes. *See Gaus*, 980 F.2d at 567 (remanding where defendant simply alleged that "the matter in current controversy . . . exceed[ed] the [jurisdictional minimum])."

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Orleans Parish Civil District Court, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of May, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**